## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

KEYLA ANDINO
4 Clove Dr.
Colonia, NJ 07067

        Plaintiff,

        v.

FLYING FOOD GROUP, LLC
212 N. Sangamon St., Suite 1A
Chicago, Illinois 60607

        Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

No.:_____

**JURY TRIAL DEMANDED**

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.    INTRODUCTION

1.    This action has been initiated by Keyla Andino (*hereinafter* referred to as "Plaintiff") against Flying Food Group, LLC (*hereinafter* referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq.*), the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq.*), and the New Jersey Law Against Discrimination ("NJ LAD"). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II.    JURISDICTION AND VENUE

2.    This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of

jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4.       Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the District of New Jersey.

5.       Plaintiff is proceeding herein under Title VII and has properly exhausted her administrative remedies (with respect to her Title VII claims) by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## III.   PARTIES

6.       The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.       Plaintiff is an adult individual, with an address as set forth in the caption.

8.       Defendant is a large-scale catering company providing airline catering meals and snacks for over 70 leading airlines and top retail partners. Upon information and belief, Defendant is headquartered in Chicago, Illinois; however, it has several locations throughout the United States, including the location at which Plaintiff worked: 640 Frelinghuysen Ave., Ste. 2, Newark, NJ 07114.

2

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV.    FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff is a female.

12.     Plaintiff was employed with Defendant for approximately eleven (11) years.

13.     During the course of her employment with Defendant, Plaintiff was a dedicated and hard-working employee.

14.     While Plaintiff was supervised by numerous individuals during her tenure with Defendant, the relevant manager to the instant action is Anthony Toto (male – *hereinafter* "Mr. Toto"), who supervised Plaintiff during the last approximate eight (8) months of her employment.

15.     Plaintiff was employed with Defendant as a Department Head and was the only female department head reporting to Mr. Toto.

16.     While under the supervision of Mr. Toto, Plaintiff was subjected to discriminatory treatment because of her gender.

17.     By way of example only (and not intending to be an exhaustive list):

      i.  Mr. Toto often times refused to communicate with Plaintiff but would freely communicate on a consistent basis with her male colleagues;

     ii.  Mr. Toto would communicate and direct changes within the department to Plaintiff's male subordinates rather than her;

iii. Mr. Toto would distribute Plaintiff's job duties to her male subordinates;

iv. Mr. Toto selectively enforced policies against Plaintiff; and

v. Mr. Toto forced Plaintiff to work a different/later shift (the 8:00 p.m. shift) and refused to honor her requests for Saturday nights off.

18.     Due to the aforesaid unrelenting discriminatory treatment that Plaintiff was being subjected to on a constant basis, she made multiple complaints of gender discrimination to Defendant's Human Resources Manager, Nydia Acevedo. However, Ms. Acevedo never properly investigated or took any remedial action regarding her claims of gender discrimination and the harassment continued.

19.     As a result of the hostility that Plaintiff was being subjected to because of her gender (discussed *supra*), she began to suffer from a flare up of her disability – Hypertension.

20.     For example, even though Plaintiff had suffered from Hypertension in the past, the hostile work environment that she was being subjected to exacerbated her condition and she began to require extra medication for same.

21.     Therefore, as a result of her aforesaid health conditions (which were exacerbated by the discrimination she was being subjected to at work), Plaintiff requested a 5-day medical leave of absence (an FMLA-qualifying leave of absence) to care for and treat for said conditions beginning in or about early-February of 2018.

22.     Upon returning from her aforementioned medical leave of absence, Plaintiff was also subjected to further discrimination and retaliation by her co-workers and Defendant's management, including but not limited to being accused of taking medical leave in order to avoid

and audit (which is entirely false) and being issued a pretextual performance letter on or about February 21, 2018.

23.     Upon information and belief, there were other (male) department heads that were performing the same as Plaintiff or worse and had not been issued performance letters like Plaintiff.

24.     Furthermore, as a means to further retaliate and discriminate against Plaintiff, Mr. Toto demoted Plaintiff on or about March 23, 2018 to a manager position (rather than Department Head), and replaced her with a male individual.

25.     Following her return from medical leave (discussed *supra*) and as a result of the increased hostility and animosity that she was being subjected to by Mr. Toto, Plaintiff continued to complain to Ms. Acevedo about the aforesaid discrimination and retaliation that she was being subject to.

26.     Instead of properly investigating or resolving Plaintiff's aforesaid complaints of gender discrimination, Defendant terminated Plaintiff's employment on or about April 10, 2018 for alleged "performance issues."

27.     In connection with her termination, Plaintiff was presented with an unsolicited severance agreement asking that she waive any and all claims against Defendant in exchange for monetary compensation.

28.     Upon information and belief, Defendant does not typically offer severance agreements to individuals terminated for "performance."[1]

---

[1] *See e.g. Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. May 22, 2013)(an employer who offered severance when policies did not require upon condition of waiving FMLA claim supported finding of pretext in FMLA claim among other facts); *See also Bartlett v. NIBCO Inc.*, 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)("Severance pay packages contingent upon a release of claims which are offered *contemporaneously with the notice of termination* are *not* covered by [Rule 408]", and the motive in offering same is admissible evidence in a retaliation claim and is admissible at trial in this case); *Karl v. City of Mountlake Terrace,*

29.     Plaintiff believes and therefore avers that she was terminated from Defendant because of her gender, actual/perceived disabilities, requests for reasonable accommodations, and/or her complaints of gender discrimination.

**COUNT I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Gender Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

18.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

19.     Plaintiff was subjected to a hostile work environment during her period of employment due to her gender through disparate treatment, pretextual admonishment (including involuntarily switching her shift and issuing her a pretextual performance letter), and demeaning/discriminatory treatment towards her.

20.     Plaintiff complained to Defendant's management that she believed she was being subjected to gender discrimination; however, instead of properly investigating or remedying her concerns, Plaintiff was terminated from her employment with Defendant.

21.     Plaintiff believes and therefore avers that she was subjected to a hostile work environment, mandated to a different shift, stripped of her job duties, issued a pretextual performance letter, demoted, and ultimately terminated from her employment with Defendant because of her gender and/or her complaints of gender discrimination.

22.     Defendant's actions as aforesaid constitute violations of Title VII.

---

2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by FRE 408); *EEOC v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy).

## COUNT II
## Violations of the New Jersey Law Against Discrimination
### ([1] Gender Discrimination; [2] Retaliation; [3] Hostile Work Environment)

23.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

24.     Plaintiff re-asserts and re-alleges all allegations set forth above in Count I of the instant Complaint, as such allegations also constitute violations of the NJ LAD.

## COUNT III
## Violations of the Americans with Disabilities Act, as Amended ("ADAAA")
### ([1] Actual/Perceived Disability Discrimination; [2] Retaliation;
### [3] Failure to Accommodate; [4] Hostile Work Environment)

41.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42.     Plaintiff suffered from qualifying health conditions under the ADA (as amended), which affected her ability (at times) to perform some daily life activities, including but not limited to working and controlling her blood pressure.

43.     Plaintiff requested a brief 5-day medical leave of absence to care for and treat for her disabilities.

44.     Upon return from her February, 2018 medical leave, Plaintiff was subjected to increased harassment, including but not limited to issuing her a performance letter, accusing her of only taking medical leave in order to avoid an audit, demoting her, and ultimately terminating her employment.

45.     Plaintiff believes and therefore avers that Defendant discriminated against Plaintiff by subjecting her to a hostile work environment, issuing her pretextual discipline, demoting her, and ultimately terminating her employment because: (1) of her known and/or perceived health problems; and/or (2) her requested accommodations.

7

46.     These actions as aforesaid constitute violations of the ADAAA.

## COUNT IV
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;
[3] Failure to Accommodate; [4] Hostile Work Environment)

48.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49.     Plaintiff re-asserts and re-alleges all allegations set forth above in Count III of the instant Complaint, as such allegations also constitute violations of the NJ LAD.

## COUNT V
### Violations of the Family and Medical Leave Act ("FMLA")
(Interference and Retaliation)

47.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

49.     Plaintiff requested leave from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

50.     Plaintiff had at least 1,250 hours of service with the Defendant during her last full year of employment.

51.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

52.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

8

53.     Defendant committed interference and retaliation violations of the FMLA by: (1) by taking actions towards her which would dissuade a reasonable person from exercising her rights under the FMLA; (2) disciplining, demoting, and/or terminating Plaintiff for requesting and/or taking FMLA-qualifying leave; (3) by considering Plaintiff's FMLA leave needs in making the decision to issue her discipline, demote her and/or terminate her; and/or (4) disciplining, demoting, and/or terminating Plaintiff to prevent her from taking further FMLA-qualifying leave in the future,

54.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting gender discrimination, disability discrimination, and retaliation in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C.     Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

D.     Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

E.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

9

F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable

attorney's fees as provided by applicable federal and state law; and

G.      Plaintiff is to receive a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:                                       
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 17, 2018